Nicole M. Deforge, #7581
Joan M. Andrews, #7803
Kirsten R. Allen, #15082
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900
Fax:  (801) 532-3370
ndeforge@fabianvancott.com
jandrews@fabianvancott.com
kallen@fabianvancott.com

*Attorneys for Best Friends Animal Society*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **BEST FRIENDS ANIMAL SOCIETY**, | |
| Plaintiff, | **COMPLAINT** |
| v. | Case No. 2:17cv01016 |
| **PETSMART, INC.,** | Judge Dustin B. Pead |
| Defendant. | (Request for Jury Trial) |

Plaintiff Best Friends Animal Society ("**Best Friends**") brings this Complaint for monetary damages and injunctive and other relief against PetSmart, Inc. ("**Defendant**") for its infringement and unauthorized use of Best Friends' famous logo mark. Best Friends alleges as follows:

**PARTIES**

1. Best Friends is a Utah non-profit corporation with its principal place of business at 5001 Angel Canyon Road, Kanab, Utah 84741.

2. Defendant is an Arizona corporation, with its principal place of business located at 19601 N 27th Avenue, Phoenix, Arizona, 85027.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Counts 1, 2, and 3 of Best Friends' Complaint because they arise under sections 32 and 43 of the Lanham Act. *See* Lanham Act § 39(a), 15 U.S.C. §§ 1121(a); 28 U.S.C. § 1331; 28 U.S.C. § 1338. This Court has subject-matter jurisdiction over Counts 4, 5, 6, and 7 of Best Friends' Complaint because they are sufficiently related to Counts 1, 2, and 3 that they form part of the same case or controversy under Article III of the U.S. Constitution. *See* 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district because Plaintiff resides in this district, *see* 28 U.S.C. § 1391(b)(1), (c)(2), and a substantial part of the events giving rise to the claims occurred here, *see id.* § 1391(b)(2). Venue is proper in this division of this judicial district because Plaintiff resides in this division and a substantial part of the events giving rise to the claims occurred here.

## FACTS ENTITLING BEST FRIENDS TO RELIEF

**A. Best Friends' Widespread and Substantial Use of Its Registered Best Friends Logo**

5. Best Friends is a non-profit corporation dedicated to the health and welfare of companion animals and the mission of bringing about a time when there are No More Homeless Pets®. Best Friends works to help end the killing in America's animal shelters through building community programs and partnerships across the United States and by encouraging other animal rescue groups to work together in furtherance of that goal.

6. Best Friends offers and provides a wide variety of goods and services nationwide in furtherance of its mission, including pet and animal adoption services.

7. From its headquarters in Kanab, Utah, Best Friends operates one of the country's largest sanctuaries for abused, abandoned, and neglected animals, with approximately 1,600 animals in residence at any given time (the "Sanctuary"). Of those 1,600 animals, a large percentage has medical or behavioral needs that would make them likely to be killed or labeled unadoptable in a traditional shelter environment.

8. Although Best Friends is now a successful non-profit, it—like most non-profits—had humble beginnings. The Sanctuary was started in 1984 by a group of friends, and operated on a shoestring for many, many years.

9. Best Friends' work gradually becoming known to a wider audience over an extended period of time through endeavors such as its rescue work in New Orleans after Hurricane Katrina in 2005, its involvement in providing sanctuary for twenty-two of the dogs rescued from NFL football-player Michael Vick's dog-fighting ring in 2008, and as a subject of the National Geographic reality TV show, "DogTown", which aired original episodes from 2008-2010.

10. In 2016, the Sanctuary hosted nearly 32,000 visitors, gave over 3,600 Sanctuary tours, and benefited from the efforts of over 9,700 volunteers.

11. In addition to its operations at the Sanctuary, Best Friends operates two pet rescue and adoption facilities in Los Angeles, California; one in Atlanta, Georgia; one in New York City; and one in Salt Lake City, Utah.

12. Best Friends also works on community and humane initiatives throughout the country, including animal adoption programs, low cost spay/neuter programs, public education and awareness campaigns, and efforts to build coalitions of animal welfare organizations to work toward a common goal of reducing the unnecessary killing of animals in shelters.

13. Also in 2016, Best Friends brought its Strut Your Mutt® dog walk to fourteen cities across the United States, where it raised approximately $2.6 million, with nearly $1.9 million going directly to 294 participating municipal shelters and animal welfare partners, and with over 15,500 human/10,000+ canine participants.

14. Beginning no later than June 2003, Best Friends adopted and began using a unique, highly distinctive animal-face design logo (the "Best Friends Logo") as a source identifier in connection with all of the goods and services offered and provided by Best Friends.

15. The Best Friends Logo consists of the eyes, nose, and smiling mouth of an animal, as seen below:



16. On June 21, 2013, Best Friends filed an application to register the Best Friends Logo as a trademark and service mark with the U.S. Patent and Trademark Office.

17. On June 3, 2014, that application registered as Reg. No. 4542223, granting to Best Friends the exclusive right to use the Best Friends Logo in connection with "printed matter, namely, paper signs, books, manuals, curriculum, newsletters, informational cards and brochures, in the field of animal care, <u>animal adoption and placement</u>, animal rescue services" and in connection with "<u>charitable fundraising to support animal welfare</u>." A copy of the registration certificate is attached as **Exhibit A**.

18. Best Friends has used the ® to identify the Best Friends Logo as its registered mark.

19. Since at least 2003, Best Friends has used the Best Friends Logo on an exclusive and continuous basis nationwide in connection with the offering of all of its goods and services, including its animal adoption services.

20. By virtue of its continuous and extensive use and substantial long-term marketing, advertising, and branding efforts and costs, Best Friends has obtained widespread good will and brand recognition in the Best Friends Logo as exclusively designating the goods and services offered by Best Friends throughout the country.

21. Only those organizations that are part of Best Friends' network of affiliated animal rescue groups (the "Best Friends Network"), which Best Friends carefully and extensively screens to ensure conformance with Best Friends' ethical and charitable mission, are authorized to use or display the Best Friends Logo.

22. Consumers and members of the public recognize that the goods and services marketed under the Best Friends Logo originate with Best Friends or are approved, endorsed by, or offered by organizations affiliated with, Best Friends.

23. Consequently, Best Friends' members and the general public have come to trust and believe that entities displaying the Best Friends Logo are affiliated with, or endorsed or approved by, Best Friends and that those organizations share Best Friends' philanthropic mission and humane standards of quality and care.

24. Indeed, the Best Friends Logo has become famous for the good and services offered by Best Friends and is widely recognized by the general consuming public as a designation of source of Best Friends' goods, services, and endorsement.

25. By offering humane, high quality animal adoption services under the Best Friends Logo, Best Friends has created tremendous good will in the Best Friends mark that then leads

customers of its adoption services to become members of and donors to the Best Friends organization.

26.     Best Friends' use of the Best Friends Logo in connection with its animal adoption services is therefore inextricably intertwined with its overarching charitable mission and services, and dilution or tarnishment of the good will in the Best Friends Logo irreparably harms Best Friends and threatens its very existence.

27.     The Best Friends Logo has therefore become an asset of substantial value and good will to Best Friends.

**B.  Defendant's Unlawful Use of the Best Friends Mark**

28.     On information and belief, in approximately 2016, Defendant adopted and began using a logo design consisting of the eyes, nose, and smiling mouth of an animal ("Defendant's Logo"), as shown below:



29.     Defendant's Logo is confusingly similar to the Best Friends Logo.

30.     Defendant uses Defendant's Logo in connection with services that are identical to and directly competitive with services provided by Best Friends, specifically including animal adoption services.

31.     Defendant has used Defendant's Logo to advertise its pet adoption events and services online and nationwide. *See, e.g.,* http://www.petsmart.com/adoption/people-saving-pets/ca-adoption-landing.html.

6

32. At the time Defendant began using Defendant's Logo, it was well aware of Best Friends Logo and the pet adoption services offered by Best Friends under its Best Friends Logo.

33. Upon information and belief, Defendant designed Defendant's Logo so as to resemble the Best Friends Logo in order to trade off on the tremendous good will established by Best Friends in its Best Friends Logo and its animal adoption services.

34. Defendant has acted with actual knowledge of Best Friends' longstanding and widespread use of the Best Friends Logo and rights therein, as well as with actual knowledge that Defendant was not authorized to use the Best Friends Logo.

35. Indeed, after Defendant first publicly introduced Defendant's Logo, several representatives of Defendant's affiliated charitable foundation, PetSmart Charities, remarked to Best Friends representatives that Defendant's Logo was very similar to the Best Friends Logo and expressed surprise and confusion as to why Defendant would use so similar a mark.

36. In addition, Best Friends has fielded numerous inquiries from the relevant consuming public, and even from employees of Best Friends, expressing confusion between the Best Friends Logo and Defendant's Logo and the connection between Best Friends and Defendant given Defendant's use of Defendant's Logo.

37. Defendant's use of Defendant's Logo is likely to cause confusion, mistake, or deception as to the source, sponsorship or approval of Defendant's services in that the average, unsophisticated consumer would believe that Defendant's pet adoption services were in some way affiliated with, endorsed by, or sponsored by Best Friends or that Best Friends was the source of such services.

38. Defendant's use of a logo confusingly similar to the Best Friends Logo dilutes and tarnishes the good will enjoyed by Best Friends in the Best Friends Logo, diminishes the

distinctiveness of the Best Friends Logo, and negatively impacts its function as a source identifier for Best Friends and its affiliates.

39. Defendant's use of Defendant's Logo in this manner infringes Best Friends' intellectual property rights in its Best Friends Logo to the benefit of Defendant and the detriment of Best Friends and the public, in violation of the law.

40. Defendant's infringement of the Best Friends Logo has substantially harmed Best Friends, the Best Friends Logo, the good will associated with the Best Friends Logo, and the public.

C. **Defendant's Failure to Comply With Best Friends' Demands**

41. Upon learning of Defendant's use of Defendant's Logo, Best Friends reached out to Defendant, alerting Defendant's representatives that its use of the Defendant's Logo infringed Best Friends' rights in the Best Friends Logo.

42. Best Friends requested that Defendant stop using the Defendant's Logo and any other mark confusingly similar to the Best Friends Logo.

43. Defendant continued to use Defendant's Logo.

44. On June 9, 2017, Best Friends sent Defendant a formal cease and desist letter reiterating its previous demands that Defendant cease use of Defendant's Logo or face litigation.

45. Defendant has willfully refused to comply with Best Friends' cease and desist demand, and Defendant continues to infringe the Best Friends Logo through use of Defendant's Logo to the irreparable harm of Best Friends.

46. Additionally, Best Friends has been informed by Defendant and/or its affiliate entity, PetSmart Charities, that PetSmart Charities will no longer provide funding for Best Friends as it had done in the past until Best Friends withdrew its trademark infringement claims

against Defendant.

## Count 1
### Trademark Counterfeiting and Infringement of Best Friends' Federally Registered Marks
### (15 U.S.C. § 1114)

47. Best Friends repeats and re-alleges the allegations set forth above.

48. Defendant's use of Defendant's Logo as described above violates section 32(1) of the Lanham Act, 15 U.S.C. § 1114, because it constitutes unauthorized use in commerce of reproductions, counterfeits, copies, or colorable imitations of Best Friends' federally registered Best Friends Logo in connection with the sale, offering for sale, distribution, and advertising of products and services identical or similar to Best Friends' products and services in a manner likely to cause confusion, mistake, and deception.

49. On information and belief, Defendant's acts complained of above have been willful and deliberate.

50. Best Friends has suffered damaged as a result of Defendant's acts.

51. Best Friends has been, and continues to be, irreparably harmed by Defendant's violations of this statute, and Best Friends has no adequate remedy at law.

52. Unless this Court enters an order requiring Defendants to immediately and permanently cease and desist from its unlawful use of the Best Friends Logo, Defendant's unlawful conduct will continue to cause injury to Best Friends and the public

## Count 2
### Trademark Infringement, Unfair Competition, and False Designation of Origin
### (15 U.S.C. § 1125(a))

53. Best Friends repeats and re-alleges the allegations set forth above.

54. Defendant's use of Defendant's Logo as described above violates sections 43(a) and (b) of the Lanham Act, 15 U.S.C. § 1125(a), because it constitutes unauthorized use in commerce of the Best Friends Logo, of false designations of origin, of false or misleading descriptions of fact, and of false or misleading representations of fact, which are likely to cause confusion, mistake, or deception as to affiliation, connection, or association with Best Friends or as to the approval, origin, or sponsorship by Best Friends of products, services, and commercial activities of Defendant, and which, in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods, services, or commercial activities, and which accordingly constitutes unfair competition and infringement of the Best Friends Logo.

55. On information and belief, Defendant's acts have been willful and deliberate.

56. Best Friends has suffered damage as a result of Defendant's acts.

57. Best Friends has been, and continues to be, irreparably harmed by Defendant's violation of this statute, and Best Friends has no adequate remedy at law.

58. Unless this Court enters an order requiring Defendant to immediately and permanently cease and desist its unlawful use of the Best Friends Logo, the violation will continue to cause injury to Best Friends and the public.

**Count 3**
**Trademark Dilution**
**(15 U.S.C. § 1125(c))**

59. Best Friends repeats and re-alleges the allegations set forth above.

60. The Best Friends Logo is famous because it is widely recognized by the general consuming public of the United States as a designation of source of the goods and services of Best Friends.

61. The Best Friends Logo became famous prior to Defendant's commencement of use of Defendant's Logo.

62. Defendant's unauthorized use of Defendant's Logo as described above violates section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use has caused and continues to cause dilution by blurring and dilution by tarnishment of Best Friends' famous Best Friends Logo.

63. On information and belief, Defendant's acts complained of above have been willful and deliberate.

64. Best Friends has suffered damage as a result of Defendant's acts.

65. Best Friends has been, and continues to be, irreparably harmed by Defendant's violation of this statute, and Best Friends has no adequate remedy at law.

66. Unless this Court enters an order requiring Defendant to immediately and permanently cease and desist its unlawful use of the Best Friends Logo, the violation will continue to cause injury to Best Friends and the public.

## Count 4
## Violation of Utah's Trademark Infringement Law
## (Utah Code Ann. § 70-3a-402)

67. Best Friends repeats and re-alleges the allegations set forth above.

68. Defendant's unauthorized use of Defendant's Logo in commerce as described above constitutes a violation of Utah Code Ann. § 70-3a-402 in that it constitutes use of the Best Friends Logo or a colorable imitation thereof without the consent of Best Friends; and is in connection with the sale, distribution, offering for sale, and advertising of Defendant's services, which use is likely to cause confusion, mistake, and to deceive as to the source of origin, nature, or quality of those goods or services.

69. On information and belief, Defendant is using Defendant's Logo intentionally to represent that its services have an affiliation, connection, association with, or certification by Best Friends that it does not have; and Defendant is representing that its goods and services are of a particular standard, quality, or grade when they are of another.

70. Defendant is using the Best Friends Logo in commerce with the intent to sell its goods, services, and other things of value.

71. Defendant's acts as described above have been committed with the intent to cause confuse or mistake or to deceive.

72. Defendant's use of the Best Friends Logo in commerce causes confusion, mistake, and deceives Best Friends' members.

73. On information and belief, Defendant's acts complained above have been willful and deliberate and are an attempt to trade on Best Friends' reputation or to cause dilution of the famous Best Friends Logo.

74. Best Friends has suffered damage as a result of Defendant's acts.

75. Best Friends has been, and continues to be, irreparably harmed by Defendant's violation of this statute, and Best Friends has no adequate remedy at law.

76. Unless this Court enters an order requiring Defendant to immediately and permanently cease and desist its unlawful use of the Best Friends Logo, the violation will continue to cause injury to Best Friends and the public.

### Count 5
### Violation of Utah's Trademark Dilution Statute
### (Utah Code Ann. § 70-3a-403)

77. Best Friends repeats and re-alleges the allegations set forth above.

78. Defendant's unauthorized commercial use of Defendant's Logo in commerce as described above constitutes a violation of Utah Code Ann. § 70-3a-403 in that Defendant's use began after the Best Friends Logo became famous and the use causes dilution of the distinctive quality of the Best Friends Logo.

79. The Best Friends Logo is famous in Utah and nationwide because it is inherently distinctive or has acquired distinctiveness, has been used on a long and extensive basis in advertising and publicity in Utah and nationwide, has a high degree of recognition in the trading areas and channels of trade of Best Friends and Defendant both in Utah and nationwide, and is the subject of federal registrations on the Principal Register.

80. On information and belief, Defendant has willfully intended to trade on Best Friends' reputation and cause dilution of the Best Friends Logo.

81. Best Friends has suffered damage as a result of Defendant's acts.

82. Best Friends has been, and continues to be, irreparably harmed by Defendant's violation of this statute, and Best Friends has no adequate remedy at law. Unless this Court enters an order requiring Defendant to immediately and permanently cease and desist from the unlawful use of the Best Friends Logo, the violation will continue to cause injury to Best Friends and the public.

### Count 6
### Violation of Utah Unfair Competition Act
### (Utah Code Ann. § 13-5a-101 *et seq.*)

83. Best Friends repeats and re-alleges the allegations set forth above.

84. Defendant's unauthorized use of Defendant's Logo in connection with the advertising and sale of its goods and services constitutes a violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101 *et seq*.

85. Defendant's conduct as alleged herein constitutes an intentional business act of practice that is unlawful, unfair, or fraudulent, has led to a material diminution in value of Best Friends' intellectual property and is an infringement of Best Friends' trademark.

86. Best Friends has been injured by Defendant's unfair competition and is entitled to recover its actual damages, costs and attorney fees, and punitive damages.

## Count 7
## Common-Law Trademark Infringement and Unfair Competition

87. Best Friends repeats and re-alleges the allegations set forth above.

88. Defendant's use of Defendant's Logo in connection with the advertising and sale of its goods and services constitutes common law trademark infringement and unfair competition, because it constitutes unauthorized use in commerce of the Best Friends Logo, which is likely to cause confusion, mistake, and deception as to the approval, origin, or sponsorship by Best Friends of products and services provided by Defendant, and which accordingly constitutes unfair competition and infringement of the Best Friends Logo.

89. On information and belief, Defendant's acts complained of above have been willful and deliberate.

90. Best Friends has suffered damage as a result of Defendant's acts.

91. Best Friends has been, and continues to be, irreparably harmed by Defendant's violations of the common law, and Best Friends has no adequate remedy at law.

92. Unless this Court enters an order requiring Defendant to immediately and permanently cease and desist from its unlawful use of the Best Friends Logo, Defendant's unlawful conduct will continue to cause injury to Best Friends and the public.

**PRAYER FOR RELIEF**

93. In view of the foregoing, Best Friends prays for all federal and state statutory and common-law relief available, including but not limited to the following:

   a. An injunction:

      i. requiring Defendant and its affiliates, agents, servants, employees, attorneys, and any and all persons in active concert or participation with them to immediately and permanently cease and desist from all use of the Defendant's Logo and anything confusingly similar to the Best Friends Logo or any colorable imitation thereof (1) in connection with the offering or providing of pet adoption services and any other goods or services related to those provided by Best Friends under its Best Friends Logo; (2) in any way that suggests or intimates that Defendant is affiliated with or endorsed by Best Friends; or (3) in any way that suggests that Defendant's goods or services are approved, sponsored, or endorsed by Best Friends;

      ii. requiring Defendant, pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, to destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in its possession or control wherein it uses Defendant's Logo or any term, symbol, or logo confusingly similar to the Best Friends Logo; and to

       destroy any and all means in its possession or control of making any of those infringing items;

  iii.  requiring Defendant to remove and withdraw from publication any advertisements paid for or used by them containing Defendant's Logo;

  iv.  requiring Defendant permanently to delete, destroy, and remove all electronic content, including all websites, and other electronic materials displaying Defendant's Logo;

  v.  requiring Defendant to file with the Court and serve on Best Friends, within thirty days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendant has complied with the Court's injunction and orders; and

b. Monetary damages equivalent to:

  i.  Statutory damages pursuant to 15 U.S.C. § 1117;

  ii.  Damages suffered by Best Friends;

  iii.  Defendant's profits;

  iv.  Treble damages pursuant to 15 U.S.C. § 1117 and Utah Code Ann. § 70-3a-404;

  v.  Punitive or enhanced damages due to Defendant's willful and deliberate conduct, including without limitation pursuant to Utah Code Ann. § 13-5a-101 *et seq.*; and

      vi.      All costs and reasonable attorneys' fees incurred in connection with this action, plus appropriate interest thereon, pursuant to 15 U.S.C. § 1117 and Utah Code Ann. § 13-5a-103;

    c.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Best Friends demands a trial by jury as to all issues so triable.

Dated: September 8, 2017.

Respectfully submitted,

/s/ *Nicole M. Deforge*
Nicole M. Deforge
Joan M. Andrews
Kirsten Allen
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900
Fax: (801) 532-3370
ndeforge@fabianvancott.com
jandrews@fabianvancott.com
kallen@fabianvancott.com

*Attorneys for Best Friends Animal Society*

4852-8310-6380, v. 4